UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:12-cr-112 |
| ) | |
| THOMAS LEE SMITH ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

    Pursuant to Title 18 U.S.C. § 3553 (a), Federal Rule of Criminal Procedure 32, and § 6A 1.3 of the United States Sentencing Guideline, the Defendant, Thomas Smith, by counsel, J.P. Schafer, respectfully submits his sentencing memorandum.

## I.  *Introduction*

    Defendant was charged pursuant to Title 18, § 922 with one count of Possession of a Firearm by a Felon.  He pled guilty to the charge on October 16, 2012.

    Defendant, Thomas Lee Smith, is a gainfully employed twenty-six year old male.  He comes from a family of avid hunters, fishers, and outdoorsmen.  Due to a prior felony conviction, Defendant is prohibited from possessing a firearm.  Nevertheless, he possessed a firearm in November of 2010 while he and a friend were raccoon hunting.  He accepted responsibility for this act, giving a statement to federal agents recounting his involvement in the offense, cooperating with state and federal law enforcement officers during their investigation of the matter, and ultimately pleading guilty.

    The presentence investigation report suggests that the guideline range is a "zone B" range of one to seven months, the minimum of which may be satisfied by probation with a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention.

    Defendant, for the reasons set forth below, respectfully asks this Court to consider a purely probationary sentence.

## II. *Legal Standard*

The Supreme Court declared the federal sentencing guidelines advisory and directed sentencing courts to consider all of the factors listed in 18 U.S.C § 3553 (a) to determine a sentence which is "sufficient but not greater than necessary." *United States v. Booker*, 543 U.S. 220 (2005). After Booker, a sentencing court must: (1) correctly calculate the advisory guidelines range, (2) consider all of the factors in 18 U.S.C § 3553 (a), and (3) impose a sentence which is sufficient but not greater than necessary to reflect the purposes of § 3553 (a) (2). *United States v. Cage* 458 F.3d 537, 540 (6th Cir. 2006).

The relevant text of 18 U.S.C § 3553 (a) provides:

The court shall impose a sentence sufficient, but not greater than necessary to comply with the purpose in paragraph (2)…[A]nd shall consider-

1. the nature and characteristics of the offense and the history and characteristics of the Defendant;
2. the need for the sentence imposed-
    a.  to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense;
    b.  to afford adequate deterrence to criminal conduct;
    c.  to protect the public from further crimes of the Defendant; and
    d.  to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentence and sentencing range established for…the applicable category of offense committed by the applicable category of Defendant as set forth in the guidelines;
5. any pertinent policy statements [of the Sentencing Commission]…
6. the need to avoid unwarranted sentence disparities of Defendants with similar records who have been found guilty of similar conduct;…

To reiterate, this Court, before deciding what sentence is sufficient, but not greater than necessary, must consider the nature and circumstances of the offences, Defendant's history and characteristic, and the concerns of § 3553 (a)(2)-(7).  Because the Sentencing Guidelines are now only advisory, this Court can vary its sentence from the advisory guideline range so long as the Court imposes a sentence which meets the requirements of 18 U.S.C § 3553(a).  *Unites States v. Collington,* 461 F3d 805, 808 (6th Cir. 2006).  There is no presumption or assumption that a sentence which varies from the guideline range is reasonable or unreasonable and this Court is free to disagree with the advisory guideline range on general policy grounds, individualized fact grounds, or because this Court concludes a different sentence is appropriate "regardless" of the guideline range.  *Rita v. United States,* 551 U.S. 338 (2007).

An analysis of the factors in § 3553(a) should convince the Court that a sentence of probation is "sufficient but not greater than necessary."

### III.   Application

A. <u>The Nature and Circumstances of the Offense and the History and Characteristics of Defendant</u>. 18 U.S.C § 3553(a)(1).

Defendant and the Government agree that the Defendant possessed all ammunition and firearms for lawful sporting purposes and that he did not otherwise unlawfully use or discharge said firearms or ammunition.  *See* 2K2.1(b)(2).   Defendant respectfully asks the Court to adopt this agreement.  To the extent that this Court will consider the guidelines—particularly in determining whether this reduction applies—Defendant notes that comment 6 of the guideline provides that "applicability of the reduction is determined by examining the 'surrounding circumstances' including 'the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law."

All of these factors are in Defendant's favor.  Firstly, the "surrounding circumstances" of the offense are that Defendant was in the woods, wearing hunting gear, *in the act* of raccoon hunting: a lawful sporting employment.  Secondly, the types of firearms Defendant possessed are

3

the types used for hunting and sporting purposes. The amount and location of firearms and ammunition was likewise consistent with lawful sporting purposes. They were kept in a gun safe or a closet, or on his person while hunting. Defendant has no criminal history involving firearms or their unlawful possession or use. And finally, Defendant's possession was not restricted by local law: he had a valid hunting license, he was hunting in racoon season, and when his friend was seen spotlighting, Defendant was traveling from one hunting spot to another, both of which were owned by family friends who had given him permission to hunt there.

It is equally clear that Defendant did not unlawfully discharge or otherwise use the firearm(s). There is no evidence whatsoever of any discharge. Regarding "use," Defendant would direct the Court to *U.S. v. Mendoza-Alvarez*, 79 F.3d 96 (8th cir.1996), a case where the government contended that transporting otherwise "lawful sporting purpose" firearms in violation of a local traffic ordinance (or in our case, Indiana's Jacklighting statute[1]) constituted "unlawful use":

> We interpret the phrase "otherwise unlawfully use" in relation to the immediately preceding phrase "unlawfully discharge." . . . The context of 2K2.1(b)(2) also supports an interpretation of "otherwise unlawfully use" requiring something more than a bare violation of an auto safety law. Under the interpretative maxim of *ejusdem generis*, a general term following more specific terms is held to apply 'only to other items akin to those specifically enumerated.' . . . Otherwise unlawful use" . . . must be some action similar to an "unlawful discharge," such as using a gun to threaten or to beat another person. Cf. *U.S. v. Smeathers*, 884 F.2d 363, 364 (8th Cir. 1989)(defendant who bought rifle for hunting but used it to fire shots inside his house after an argument with his wife was not eligible for reduction). *Id.*

---

[1] Indiana Code 14-22-6-7:
Jacklighting prohibited
 (b) A person may not knowingly throw or cast the rays of any spotlight or other artificial light:
  (1) not required by law on a motor vehicle; and
  (2) in search of or upon any wild bird or wild animal;
from a vehicle while the person possesses a firearm, bow, or crossbow, if by throwing or casting the rays a wild bird or wild animal could be killed. This subsection applies even though the animal is not killed, injured, shot at, or otherwise pursued.
 (c) A person may not take any wildlife, except furbearing mammals, with the aid of illumination of any spotlight, searchlight, or other artificial light.
 (d) A person may not shine a spotlight, searchlight, or other artificial light for the purpose of taking, attempting to take, or assisting another person to take a deer.

The evidence supports this position: according to the presentence investigation report, the IDNR officer's investigation *vis a vis* the jacklighting focused on Defendant's friend, Hatfield; he asked *Hatfield* if he knew spotlighting was illegal, and ultimately cited him for it—not Defendant.  It is not enough just to conclude, "Well, they were hunting together and therefore jacklighting together." *Mendoza* and common sense dictate that, in order to incur punishment for jacklighting, Defendant himself must have been responsible for the light, which he was not.

B. *The Need for a Sentence Imposed is to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense. 18 U.S.C* § 3553(a)(2)(A).

A probation sentence is sufficient in the present case but not greater than necessary to reflect the seriousness of this offense and to promote respect for the law. Assuming *arguendo* that probation is not deemed appropriate, Home Detention, given Defendant's history and current behavior, should be viable.

C. *The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and the Need for the Sentence Imposed to Protect the Public from Further Crimes by Defendant.  18 U.S.C* § 3552(a)(2)(B) and (C).

In the present case a sentence of probation with a felony conviction, given that the Defendant has minimal criminal history and strong work history, is an adequate deterrence for this case for this Defendant.  Regarding protection of the public, while the Defendant does not dispute that his crime "creates an unsavory and dangerous environment" or that "societal interest in general [was] harmed," surely these are evils that are outweighed by crimes of a more violent or malicious nature.  Indeed, Defendant's crime was *malum prohibitum,* not *malum in se.*

D. *The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, or Other Correctional Treatment in the Most Effective Manner. 18U.S.C §3553(a)(2)(D).*

Although the Defendant's criminal history is minimal, it cannot be denied that it is an aggravator.  However, it consists mainly of alcohol-related offenses.  The presentence

5

investigation report suggests in the substance abuse section that Defendant may benefit from a drug (or alcohol) aftercare program.  The Defendant does not disagree.  This need can be addressed with a purely probationary sentence.

### IV.     Conclusion

The reason the Defendant was originally drawn to the attention of law enforcement officers in this matter was his friend's—not his—use of a flashlight during a raccoon hunt.  Regardless of these circumstances, the Defendant was violating the firearm statute at that time, and fully accepts responsibility for the violation.  He is remorseful.  He is a productive member of society.  A sentence of probation would be sufficient, but not greater than necessary.

Respectfully submitted,

\_\_\_/s/ J. P. Schafer_____
J.P. Schafer
P.O. Box 71
Lafayette, Indiana 47902
(765) 203-1333
Attorney No. 27323-49

**CERTIFICATE OF SERVICE**

On the date of filing, a true and accurate copy of the foregoing was served upon Nick Padilla, Assistant United States Attorney, Northern District of Indiana.

\_\_/S/ J.P. Schafer_____
J.P. Schafer , Attorney at Law

6